1
2
3
4
5
6         **IN THE UNITED STATES DISTRICT COURT**
7           **FOR THE DISTRICT OF ARIZONA**
8

| | |
|---|---|
| Robert Carrasco Gamez, | No. CV 13-01757-PHX- JJT (DMF) |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| v. | |
| Charles L. Ryan, Lance R. Hetmer, Greg Fizer, Kathy Ingulli, Unknown Barnes, Blaine Moore, Unknown Quintero, D Gidcumb, L Brass, V Cisneros, Karyn Klausner, Dawn Northup, Dennis Kendall, Stacy Crabtree, Unknown Washburn, Antoinette Gatlin, Unknown Gornal, Unknown Winterbauer, Unknown Randal, Unknown Garcia, | |
| Defendants. | |

**TO THE HONORABLE JOHN J. TUCHI:**

Before the Court is Plaintiff's Motion for Leave to Amend (Doc. 42). This matter is before the undersigned on referral from the District Judge. The Court has a continuing obligation to screen complaints brought by prisoners seeking relief against an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The screening requirement extends to proposed amended complaints. Because a magistrate judge cannot decide a "matter dispositive of a claim or defense or a prisoner petition challenging the conditions of confinement," Rule 72(b)(1), Federal Rules of Civil Procedure, the undersigned recommends as follows.

## I.      Background

Plaintiff filed a prisoner civil rights complaint and a motion for leave to proceed in this matter *in forma pauperis* on August 27, 2013.  In an order (Doc. 9) entered March 24, 2014, the Court granted the motion for leave to proceed *in forma pauperis* and dismissed the complaint with leave to amend.    Plaintiff docketed a First Amended Complaint (Doc. 16) and Second Amended Complaint (Doc. 27), both of which were dismissed with leave to amend (Docs. 24 and 28).

Plaintiff docketed a Third Amended Complaint (Doc. 29) on March 4, 2015.  In a service order (Doc. 31) issued April 20, 2015, the Court dismissed without prejudice Counts One, Two, Four, and Five of the Third Amended Complaint, and dismissed without prejudice Defendants Ryan, Hetmer, Fizer, Quintero, Crabtree, Washburn, Gidcumb, Brass, Cisneros and Garcia.    The Court ordered Defendant Gatlin to answer Count Three of the Third Amended Complaint, an allegation that Defendant Gatlin was deliberately indifferent to Plaintiff's serious medical needs, in violation of Plaintiff's Eighth Amendment rights.  Service was executed on Defendant Gatlin on July 21, 2015 (Doc. 44).

On June 12, 2015, Plaintiff filed a Motion for Leave to Amend (Doc. 42), attaching his proposed Fourth Amended Complaint ("FAC").  Because Plaintiff has docketed three prior complaints, Plaintiff is not entitled to amend his complaint without leave of the Court.  *See* Fed. R. Civ. P. 15(a)(1).

## II.      Standard for Granting or Denying a Motion to Amend

Fed. R. Civ. P. 15 governs amendments to pleadings generally.  Except when an amendment is pleaded as a "matter of course," as defined by the rule, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  Courts must "freely give leave when justice so requires."  *Id.* Requests for leave are generally granted with "extreme liberality."  *Moss v. U. S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009) (citation omitted).  However, granting a plaintiff leave to amend "is subject to the qualification that the amendment not cause undue

1    prejudice to the defendant, is not sought in bad faith, and is not futile." *Bowles v. Reade*,
2    198 F.3d 752, 757 (9th Cir. 1999) (citation omitted).

3           The Prison Litigation Reform Act requires dismissal of allegations that fail to state
4    a claim upon which relief can be granted prior to ordering service of an amended
5    complaint on the added defendants.  42 U.S.C. § 1997e(c)(1); *see, e.g., O'Neal v. Price*,
6    531 F.3d 1146, 1153 (9th Cir. 2008).  Futility of amendment is sufficient to justify denial
7    of a motion for leave to amend.  *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094
8    (9th Cir. 2010).  A proposed amended complaint is futile if it would be immediately
9    "subject to dismissal" pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim on
10   which relief may be granted, accepting all of the facts alleged as true.  *See Steckman v.*
11   *Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998).  In screening complaints, the
12   Court must liberally construe an incarcerated *pro se* plaintiff's complaint.  *See, e.g.,*
13   *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

14          Plaintiff's proposed FAC attempts to cure the deficiencies in two counts of his
15   Third Amended Complaint that were previously dismissed pursuant to the Court's
16   Service Order at Doc. 31.  Plaintiff attempts to cure his claim for threat to safety or
17   failure to protect and his procedural due process claim.  Plaintiff's proposed FAC also
18   seeks to add Charles L. Ryan, Director at ASPC-Florence, and D. Shamblin as defendants
19   in his claim for inadequate medical care.

20          Plaintiff alleges that he was an inmate at ASPC-Florence and on September 7,
21   2011, Plaintiff had to walk unescorted and handcuffed through the basement on his way
22   to recreation.  Plaintiff claims that the basement area is dark and secluded and does not
23   have audio or visual surveillance.  Plaintiff had to walk sideways between the door and
24   other inmate cells in order to pass through the narrow walkway.  Plaintiff went to
25   recreation, apparently without incident, but when Plaintiff reached the narrow walkway
26   in the basement on his way back to his cell from recreation, he was immediately grabbed
27   by inmate Garcia, who pulled Plaintiff toward his cell.  Garcia stabbed Plaintiff once in
28   the chest and once in the face and punched Plaintiff once in the back of Plaintiff's head.

Plaintiff tried to escape, but Garcia held onto Plaintiff's handcuffs and continued to assault him. Plaintiff saw Officer Cisneros running toward Plaintiff from the key control. Plaintiff yelled for assistance, but Officer Cisneros began spraying Plaintiff with pepper spray. Plaintiff felt an intense burning sensation, worsened by his asthma, which made him feel as if his respiratory system has "collapsed."

Plaintiff was escorted to medical following the assault, where he was treated for his stab wounds and given a breathing treatment. Plaintiff was cleared by medical and advised by D. Shamblin, a registered nurse, that a doctor's appointment would be scheduled the next morning to examine Plaintiff and provide pain medication. Despite Plaintiff submitting several health needs requests seeking cleaning supplies to avoid infection, Plaintiff was not treated again for his injuries for approximately twenty days. Defendant Gatlin refused to provide treatment and was visibly upset because Plaintiff's mother had called the Facility Heath Administrator due to the visible infection and lack of health care.

## III.    Inadequate Medical Care

The Court previously held that Plaintiff's Third Amended Complaint sufficiently stated a medical care claim against Defendant Gatlin. Plaintiff reasserts his claim for inadequate medical care in Count One of his proposed FAC, and seeks to add Charles Ryan and D. Shamblin, R.N., as defendants. The only facts Plaintiff adds in his proposed amended complaint are that "[d]ue to inadequate health care staffing levels, Plaintiff was 'seen' by a Nurse Practitioner, such practice is attributed to Defendant Ryan's systemic elimination of health care staffing positions in recent years. Defendant Ryan's failure to actively recruit, hire, train, supervise and retain sufficient and competent health care staff has resulted in a deliberate indifference to Plaintiff's health care needs." (Doc. 42 at 12).

With regard to a claim that a defendant violated the plaintiff's Eight Amendment right to be free of cruel and unusual punishment with regard to a prisoner's medical treatment, the plaintiff must show the defendant was "deliberately indifferent" to the plaintiff's "serious medical need." *See, e.g., Cano v. Taylor*, 739 F.3d 1214, 1217 (9th

Cir. 2014).  A prison official acts with "deliberate indifference . . . only if the [prison official] knows of and disregards an excessive risk to inmate health and safety." *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002) (citation and internal quotation marks omitted).  Under this standard, the prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  "If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk." *Gibson*, 290 F.3d at 1188 (citation omitted).  A "serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) (citation and internal quotations omitted), *overruled on other grounds, WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997).  "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison [officials] provide medical care." *Jett*, 439 F.3d at 1096 (citations and internal quotation marks omitted).  However, the alleged indifference to the prisoner's medical needs must be substantial; mere indifference, negligence, or even an allegation of medical malpractice, is insufficient to state an Eight Amendment claim. *Lemire v. California Dep't of Corr.*, 726 F.3d 1062, 1081–82 (9th Cir. 2013) (citation omitted).  "Even gross negligence is insufficient to establish deliberate indifference to serious medical needs." *Id.* at 1082 (citation omitted).

The Court previously held that Plaintiff sufficiently stated a medical care claim against Defendant Gatlin, and ordered Defendant Gatlin to answer Count Three of Plaintiff's Third Amended Complaint.  The Court finds that Plaintiff's attempts to expand the claim to include Defendants Ryan and Shamblin would be futile, as the claims against those defendants would be subject to dismissal under Fed. R. Civ. P. 12(b)(6).  Plaintiff has not adequately alleged a claim that Nurse Shamblin was deliberately indifferent to Plaintiff's serious medical needs.  The facts alleged in Plaintiff's proposed FAC indicate

that Nurse Shamblin merely advised Plaintiff that a doctor's appointment would be scheduled the next morning to examine or provide pain medication.  Plaintiff alleges that he was seen by a nurse practitioner when he was escorted to medical.  If Nurse Shamblin was the one providing Plaintiff's medical care immediately following the assault, there is no allegation that this care was inadequate nor is there a showing that Nurse Shamblin purposefully acted or failed to respond to Plaintiff's serious medical needs, nor any harm caused by the indifference.  Plaintiff has not adequately alleged a claim that Nurse Shamblin was deliberately indifferent to Plaintiff's serious medical needs.

Plaintiff has not sufficiently alleged a claim that Defendant Ryan himself was deliberately indifferent to Plaintiff's serious medical needs.  An individual capacity claim "hinges upon [the individual defendant's] participation in the deprivation of constitutional rights," unlike an official capacity claim, where the constitutional injury "must be attributable to [an] official policy or custom."  *Torres v. Goddard*, 793 F.3d 1046, 1057 (9th Cir. 2015) (citing *Larez v. City of Los Angeles*, 946 F.2d 630, 645 (9th Cir. 1991)).  To state a claim against a defendant, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."  *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  For an individual to be liable in his official capacity, a plaintiff must allege that the official acted as a result of a policy, practice or custom.  *See Cortez v. County of Los Angeles*, 294 F.3d 1186, 1188 (9th Cir. 2001).  Further, there is no *respondeat superior* liability under § 1983, so a defendant's position as the supervisor of someone who allegedly violated a plaintiff's constitutional rights does not make him liable.  *Monell*, 436 U.S. at 691; *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  A supervisor in his individual capacity, "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them."  *Taylor*, 880 F.2d at 1045.

Plaintiff has failed to allege facts demonstrating that Defendant Ryan acted with deliberate indifference to Plaintiff's serious medical needs.  Plaintiff has not alleged that

Defendant Ryan was actually aware of Plaintiff's medical needs, nor do the facts show that Defendant Ryan established policies that resulted in a denial of medical care to Plaintiff.  Plaintiff's "allegation of systemwide understaffing is not only vague but also insufficient because a mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference under the Eight Amendment." *Olmos v. Stokes*, Case No. CV-10-2564-PHX-GMS, 2011 WL 1792953, at *4 (D. Ariz. May 11, 2011) (citing *Shapley v. Nevada Bd. Of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985)).

## IV.    Threat to Safety or Failure to Protect

The Court previously dismissed Plaintiff's claim for threat to safety or failure to protect, finding that Plaintiff failed to allege facts to support that any of the Defendants knew, or should have known, prior to the September 7 assault, that Garcia posed a substantial threat to Plaintiff.  (Doc. 31 at 10).  The Court found that Plaintiff's assertion that his name and inmate number were found on three New Mexican Mafia hit lists on November 2 and December 4, 2009, and April 20, 2010, is not sufficient to support that Garcia, or anyone else, posed a substantial threat to Plaintiff's safety on September 7, 2011.  (Doc. 31 at 10, n.1).  The Court further held that:

> Plaintiff fails to allege any facts to support that Defendants were in any way involved with or aware of his transfer through the basement.  Plaintiff also fails to allege facts to support that the lack of surveillance, poor lighting, or inadequate staffing reflected deliberate indifference to a substantial threat to safety.  Although Plaintiff has asserted that an inmate was stabbed in the basement one week prior to the assault on Plaintiff, there are no facts to show that the prior attack resulted from any failures on the part of Defendants, or that they were even aware of that incident.  Moreover, Plaintiff's assertion that Defendants have "a practice of failing to inform prisoners of legitimate death threats to avoid placing prisoners in protective custody" is not sufficient to support a claim because he does not allege facts to support that the alleged practice amounted to deliberate indifference of his constitutional right.

(Doc. 31 at 10–11).

Plaintiff attempts to cure the deficiency by adding that the 2011 incident itself provided notice of systematic failures and that a series of assaults, rapes, stabbings and murders occurred during Defendant Ryan's tenure.  (Doc. 42 at 16).  Plaintiff also alleges that he was assaulted again in 2014.  Plaintiff sets forth various instances of inmates who requested protective segregation and were assaulted before protective custody was provided, and gives examples of instances of prison violence, stating that "these issues have been brought to the attention of ADC."

A threat to safety claim requires a sufficiently culpable state of mind by the defendant, known as "deliberate indifference." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).  Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety.  *Id.* at 835.  To state a claim of deliberate indifference, Plaintiff must meet a two-part test.  "First, the alleged constitutional deprivation must be, objectively, sufficiently serious"; and the "official's act or omission must result in the denial of the minimal civilized measure of life's necessities."  *Id.* at 834 (internal quotations omitted).  Second, the prison official must have a "sufficiently culpable state of mind," i.e., he must act with "deliberate indifference to inmate health or safety."  *Id.* (internal quotations omitted).  In defining "deliberate indifference" in this context, the Supreme Court has imposed a subjective test:  "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, *and* he must also draw the inference."  *Id.* at 837 (emphasis added).

To state a § 1983 claim based on a policy, practice, or custom, the Plaintiff must show that:  (1) plaintiff was deprived of a constitutional right; (2) the entity had a policy or custom; (3) the policy or custom amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy or custom was the "moving force behind the constitutional violation."  *Mabe v. San Bernardino Cnty., Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1110–11 (9th Cir. 2001) (citation omitted).

Plaintiff cannot point to the September 7 assault and an assault in 2014, or unrelated instances of prison violence to show that Defendants were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" or that Defendants actually drew the inference.  Clearly they were not aware of the September 7, 2011 assault or the 2014 assault prior to the September 7, 2011 assault.  Plaintiff does not allege facts to support that any of the Defendants knew, or should have known, prior to the September 7 assault, that inmate Garcia posed a substantial threat to Plaintiff. Plaintiff has failed to allege facts to support an allegation that he was deprived of a constitutional right and that a policy or custom was the "motivating force behind the constitutional violation."  Plaintiff's attempt to cure the deficiencies set forth in the Court's prior order is insufficient and the proposed amendment is futile.

**V.      Due Process**

Plaintiff asserts a claim for violation of his Due Process rights against Defendants Gidcumb, Cisneros, Quintero, Washburn and Crabtree.  Plaintiff alleges that on September 8, 2011, Defendants issued a false disciplinary report against Plaintiff in order to conceal the September 7th stabbing.  Plaintiff was "interrogated" by Defendants Gidcumb and Quintero, and Defendant Quintero accused Plaintiff of "throwing punches at 4A20."  Plaintiff denied that he had instigated the assault and maintained that he was the victim.  Defendant Quintero informed Plaintiff that the incident report stated that Plaintiff did throw punches.  Defendant Brass stated that inmate Garcia had confessed to the stabbing.  Defendants Gidcumb, Cisneros and Quintero did not include in their written reports and disciplinary report that they were not witnesses to the September 7 incident.  On November 15, 2011, Plaintiff appeared before Defendant Washburn, who would not allow Plaintiff to call witnesses relevant to his defense because Defendant Washburn found that they were "irrelevant."  Therefore, Defendant Washburn convicted Plaintiff without proof that he was guilty of the disciplinary infraction.  Plaintiff contends that Defendants Gidcumb, Cisneros, Quintero and Washburn convicted Plaintiff based on "false charges."  Plaintiff was sentenced to a thirty-day loss of privileges and some of

Plaintiff's personal property was impounded and subsequently lost.  Plaintiff's sentence also included a loss of thirty days of earned release credits, a ninety-day parole class, and thirty extra hours of duty.  Plaintiff appealed the disciplinary conviction because the evidence allegedly did not support the conviction and he was denied his due process right to call witnesses.  On December 7, 2011, Captain Barnes dismissed the disciplinary conviction because he found that the evidence did not support the conviction.  On December 9, 2011, Defendant Crabtree "by and through [Defendant] Ryan forfeited eleven (11) earned release credit days for the alleged assault on inmate Garcia despite the conviction being overturn[ed]."  Plaintiff claims Defendants did not ensure that the disciplinary charge was expunged, which resulted in that disciplinary charge acting "as a springboard for aggravating subsequent disciplinary hearings."

Liberty interests which are protected by the Due Process Clause are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (internal citations omitted).

The Court previously held that Plaintiff was not entitled to any due process procedural protections because he did not suffer any atypical and significant hardships. (Doc. 31 at 11) (citing *Sandlin v. Conner*, 515 U.S. 472, 487 (1995) (30 days' disciplinary segregation is not atypical and significant); *Smith v. Mensinger*, 293 F.3d 641, 654 (3rd Cir. 2002) (seven months of disciplinary confinement "does not, on its own, violate a protected liberty interest"); *Jones v. Baker*, 155 F.3d 810 (6th Cir. 1998) (two and one-half years' administrative segregation is not atypical and significant); *Rizzo v. Dawson*, 778 F.2d 527, 530 (9th Cir. 1985) (prison authorities may change a prisoner's "place of confinement even though the degree of confinement may be different and prison life may be more disagreeable in one institution than in another" without violating a prisoner's due process rights); *Lucero v. Russell*, 741 F.2d 1129 (9th Cir. 1984)

(administrative transfer to maximum security without a hearing does not infringe on any protected liberty interest)).   The Court also held that Plaintiff does not have a constitutional right to a particular security classification or to be housed in a particular yard.  (Doc. 31 at 12) (citing *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987); *Harbin-Bey v. Rutter*, 420 F.3d 571, 577 (6th Cir. 2005) (increase in security classification does not constitute an atypical and significant hardship because "a prisoner has no constitutional right to remain incarcerated in a particular prison or to be held in a specific security classification")).

In his FAC, Plaintiff re-alleges the facts that the Court previously found insufficient to show that Plaintiff suffered any atypical and significant hardship.  Plaintiff also alleges that he suffers from a pre-existing mental illness and that the isolated confinement of prisoners with serious mental illness violates the Eight Amendment.  Even considering this allegation as a separate Eighth Amendment claim, Plaintiff fails to state a claim.  Plaintiff states that "ADC security have classified Plaintiff with a serious mental health needs score of 3R, which requires a routine level of mental health services.  Plaintiff continues to deteriorate while experiencing decreased cognitive functioning, severe depression, pepper sprayed repeatedly by chemical agents while on psychotropic medications and inadequate nutrition."  (Doc. 42 at 25).  Plaintiff has failed to show that a defendant was "deliberately indifferent" to the Plaintiff's "serious medical need." *See Hinkley v. Shumate*, ___ F. App'x ___, 2015 WL 5173040, at *1 (9th Cir. Sept. 4, 2015) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (("[A] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety[.]"); *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (a supervisor is liable under § 1983 only if he is personally involved in the constitutional deprivation or there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation" (citation and internal quotation marks omitted)); *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (the causation analysis under § 1983 is "individualized and focus[es] on the duties and

1    responsibilities of each individual defendant whose acts or omissions are alleged to have

2    caused a constitutional deprivation")).   "Vague and conclusory allegations of official

3    participation in civil rights violations are not sufficient to withstand a motion to dismiss."

4    *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) (citations

5    omitted).   A liberal interpretation of a *pro se* civil rights complaint may not supply

6    essential elements of the claim that were not initially pled.  *Id.*

7    **VI.    Request for Entry of Default**

8           Plaintiff filed a Request for Entry of Default (Doc. 46), arguing that default should

9    be entered against Defendant Gatlin for failure to defend.  The Court's Order (Doc. 31)

10   entered on April 20, 2015, ordered Defendant Gatlin to answer Count Three of Plaintiff's

11   Third Amended Complaint.   Before Defendant Gatlin was served, Plaintiff filed the

12   current motion for leave to amend (Doc. 42) on June 12, 2015.  Service was returned

13   executed on Defendant Gatlin on July 21, 2015.  Plaintiff's request for entry of default

14   should be denied and Defendant Gatlin should be ordered to answer Count Three of

15   Plaintiff's Third Amended Complaint at Doc. 29.

16          **IT IS RECOMMENDED that** Plaintiff's Motion for Leave to Amend (Doc. 42),

17   seeking leave to file the attached Fourth Amended Complaint, be denied.

18          **IT IS FURTHER RECOMMENDED that** Plaintiff's Request for Entry of

19   Default (Doc. 46) be denied, and Defendant Gatlin be ordered to answer Count Three of

20   Plaintiff's Third Amended Complaint (Doc. 29) within 21 days of the District Court's

21   Order ruling on this Report and Recommendation.

22          This recommendation is not an order that is immediately appealable to the Ninth

23   Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules

24   of Appellate Procedure, should not be filed until entry of the District Court's judgment.

25          Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have

26   fourteen (14) days from the date of service of a copy of this recommendation within

27   which to file specific written objections with the Court.   Thereafter, the parties have

28   fourteen (14) days within which to file a response to the objections.  Pursuant to Rule 7.2,

Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendations of the Magistrate Judge.

Dated this 14th day of September, 2015.

Honorable Deborah M. Fine
United States Magistrate Judge