NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Robert Carrasco Gamez,

    Plaintiff,

v.

Charles L. Ryan, *et al.*,

    Defendants.

No. CV-13-01757-PHX-JJT

**ORDER**

    At issue are Plaintiff Robert Carrasco Gamez, Jr.'s Motion to Amend the Complaint in this matter (Doc. 42) and submit a Fourth Amended Complaint ("FAC"); Motion for Entry of Default as to Defendant Antoinette Gatlin (Doc. 46); a Report and Recommendation ("R&R") (Doc. 47) prepared by Magistrate Judge Deborah Fine addressing both Motions, to which Plaintiff has filed an Objection (Doc. 49); and Plaintiff's Motion to Appoint Counsel (Doc. 50).

    On April 20, 2015, the Court dismissed without prejudice Counts One, Two, Four and Five of the Third Amended Complaint ("TAC"), and dismissed without prejudice Defendants Ryan, Hetmer, Fizer, Quintero, Crabtree, Washburn, Gidcumb, Brass, Cisneros and Garcia. (Doc. 31.) It ordered the lone remaining Defendant, Gatlin, to answer Count Three of the TAC after she was served, and ordered Plaintiff to serve Gatlin on or before July 21, 2015. On May 21, 2015, Plaintiff filed his FAC, which the Court struck as unauthorized pursuant to Federal Rule of Civil Procedure 15(a)(1). Plaintiff then filed the instant Motion for Leave to Amend (Doc. 42). Plaintiff's proposed FAC would resuscitate dismissed Claim Four from the TAC (embodying a claim for

threat to safety or failure to protect) and dismissed Claim Five from the TAC (embodying a claim for violation of Due Process rights), and would add defendants to surviving Claim Three (inadequate medical care).[1] Subsequently, Plaintiff sought to enter default judgment against Defendant Gatlin.

**I.     Addition of Defendants in Claim Three – Inadequate Medical Care Claim**

In her R&R, Magistrate Judge Fine addressed both Plaintiff's Motion to Amend and his Motion for Default. Judge Fine first analyzed Plaintiff's attempted amendment of his surviving inadequate medical care claim in Claim Three of the FAC to include two additional defendants—Arizona Department of Corrections Director Ryan and a nurse, D. Shamblin. This Court adopts the R&R's recommendation that it deny leave to amend for the purpose of expanding Claim Three to add the new Defendants, and Judge Fine's reasoning therefor, in whole. As was the case in previous versions of his Complaint, Plaintiff has failed to allege any facts that would give rise to a claim of deliberate indifference as against Defendant Shamblin, and allowing Plaintiff to amend his Complaint yet again does not address this deficiency, because there still are no such facts stated. Similarly, Plaintiff's attempts to allege claims against Defendant Ryan have failed to meet the mark for all the reasons listed in the R&R, which this Court will not repeat now.

In his Objections, Plaintiff argues that the R&R would require him to give a narrative in his Complaint, or in the alternative, hold him to a "hypertechnical standard of detail." (Doc. 49 at 14.) The Court disagrees. The point of the pleading rules is to require a complaint to state sufficient facts to satisfy each element of a claim. That does not amount to, as Plaintiff appears to believe, legally conclusory language without the facts that lead to such conclusions. In other words, it is not enough simply to say, regarding Claim Three, that either Defendant Shamblin or Ryan were "deliberately indifferent," as Plaintiff has done repeatedly. Plaintiff must state specific facts from which one could

---

[1] Plaintiff does not attempt to resurrect in the FAC his claims for assault (dismissed Claim One) and excessive force (dismissed Claim Two), so the Court need not address them.

- 2 -

draw the conclusion that they were in fact indifferent under the legal standards as set forth in detail in Judge Fine's R&R. Plaintiff stated no such facts with regard to either Defendant Shamblin or Ryan, and it would be futile for Plaintiff to attempt to amend again, as these facts do not appear to be available as to either of these Defendants. Even if they were, Plaintiff has now had multiple opportunities to perfect the claim and the Court has advised Plaintiff multiple times what he needed to do to meet the pleading standards, but he has failed to do so. The Court will not allow Plaintiff to amend Claim Three again for this purpose. It is time to move forward with this action.

**II.    Claim Four – Failure to Protect Claim**

The R&R next recommends that the Court deny Plaintiff's Motion for Leave to Amend to add back in the previously dismissed Claim Four, in which Plaintiff alleges threat to safety and failure to protect. Again, for the reasons detailed in Judge Fine's R&R, the Court will deny the Motion. Plaintiff again objects that the R&R would require him to state an "overbroad narrative" and hold him "to a hypertechnical standard." (Doc. 49 at 2.) But that is not the reasoning set forth in the R&R. Plaintiff simply has not stated facts from which to conclude that that any specific defendant knew or should have known prior to his assault on September 7, 2011, that inmate Garcia posed a substantial threat to him. Alleged gang retribution lists from 2009 and 2010 do not meet the standard, as this Court noted in dismissing Claim Four of the TAC in April of 2015, but Plaintiff continues to assert the same argument without change. The Court will deny the Motion to Amend as it regards dismissed Claim Four.

**III.   Claim Five – Due Process Claim**

Judge Fine also recommends that the Court deny Plaintiff's Motion for Leave to Amend insofar as it seeks to renew his dismissed Claim Five, in which he alleges that several detention officers and supervisors violated his Due Process rights by misapplying the prison disciplinary process to him. In so recommending, Judge Fine observes in the R&R that Plaintiff states in the FAC the same facts that this Court previously found inadequate to state a claim. Undeterred, Plaintiff restates these same facts one more time

in his Objection, and in so doing ignores and argues right past the reasoning Judge Fine set forth. There is nothing new here. As this Court previously held, Plaintiff's allegations, even if taken as true, do not demonstrate that he suffered any atypical and significant hardships, and he is not entitled to a particular security classification or housing designation. The Court will deny the Motion to Amend as it regards dismissed Claim Five.

**IV.     Motion for Default**

Finally, the R&R recommends denial of Plaintiff's Request for Entry of Default as against Defendant Gatlin. The R&R noted that shortly after the Court ordered Gatlin to respond to the TAC, and before Plaintiff even served the TAC to her, Plaintiff filed a FAC and then the instant Motion to amend, thus taking this matter off track. Plaintiff's Objection to the R&R is simply to restate the text of Federal Rule of Civil Procedure 12 regarding the time limits for answering a complaint. This does not address Judge Fine's analysis that by filing another amended complaint before the last one was served, Plaintiff has injected delay into the process and uncertainty on the part of Defendant Gatlin and her counsel as to what complaint she should answer. The Court will deny Plaintiff's request for default at this point.

Having now denied all amendments to the TAC which Plaintiff sought in his Motion, some certainty is reestablished that the TAC is the operative Complaint in this matter, and Claim Three is the only surviving claim to which Defendant Gatlin should respond. The Court will direct her to answer that claim.

**V.      Motion for Appointment of Counsel**

Plaintiff seeks appointment of counsel in this matter, citing his limited knowledge of the law, the complexity of issues in the case and his limited access to a law library. (Doc. 50 at 2.) Appointing counsel for an incarcerated plaintiff in a Section 1983 action, pursuant to 28 U.S.C. Section 1915(e)(1), is a matter within the Court's discretion. *See Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir. 1998). Generally, a person has no right to counsel in civil actions. *See Storseth v. Spellman*, 654 F. 2d 1349, 1353 (9th Cir. 1981).

The Court may, upon demonstration of exceptional circumstances, appoint counsel for indigent civil litigants pursuant to Section 1915. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). When determining whether exceptional circumstances exist, the Court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims in light of the complexity of the legal issues involved. *See Palmer v. Valadez*, 560 F.3d 965, 970 (9th Cir. 2009). To this point, Plaintiff has not demonstrated a likelihood of success on the merits. Nor has Plaintiff displayed an inability to articulate his claims in light of the complexity of the legal issues involved. The Court therefore denies Plaintiff's Motion to Appoint Counsel.

For the reasons discussed above, IT IS ORDERED adopting in whole the Report and Recommendation (Doc. 47) submitted by Judge Fine in this matter, and all reasoning within it.

IT IS FURTHER ORDERED denying Plaintiff's Motion for Leave to Amend (Doc. 42).

IT IS FURTHER ORDERED denying Plaintiff's Motion/Request for Entry of Default Pursuant to Federal Rule of Civil Procedure Rule 55 (Doc. 46).

IT IS FURTHER ORDERED that the Clerk prepare a service packet using the address for Defendant Gatlin from Document 44. The United States Marshal must serve a copy of this Order on Defendant Gatlin and within 10 days after personal service is effected, file the notice of service for Defendant Gatlin.

IT IS FURTHER ORDERED that Defendant Gatlin shall file her Answer or other responsive pleading to Claim Three of the Third Amended Complaint within 21 days of of service being effected.

//
//
//
//
//

1   IT IS FURTHER ORDERED denying Plaintiff's Motion to Appoint Counsel
2   (Doc. 50).

3   Dated this 22nd day of January, 2016.

```
                                        _____
                                        Honorable John J. Tuchi
                                        United States District Judge
```