NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Carrasco Gamez,<br><br>          Plaintiff,<br><br>v.<br><br>Charles L. Ryan, *et al.*,<br><br>          Defendants. | No. CV-13-01757-PHX-JJT<br><br>**ORDER** |

At issue is the Report and Recommendation ("R&R") filed by United States Magistrate Judge Deborah Fine, recommending that the Court dismiss this matter for Plaintiff's failure to serve the remaining Defendant in this matter. (Doc. 65.) Plaintiff timely filed an Objection to the R&R (Doc. 66), so the Court reviews the issue *de novo*. Upon the review, the Court adopts the R&R in whole and will dismiss the matter for failure to serve.

In the first five pages of his nearly six page Objection, Plaintiff faithfully and accurately recounts the history of the inception of this action and his efforts to amend the complaint and to serve Defendant Gatlin. But this is unhelpful in addressing the legal issue upon which Judge Fine's R&R is based—did Plaintiff exercise diligence in attempting to serve Defendant. And the final two paragraphs of this Objection, while arguing for more time, do not give the Court cause to further extend the deadline. Plaintiff merely states conclusorily that he complied with Rule 4 of the Federal Rules of Civil Procedure, and that rule should be liberally construed in his favor. But even a rule

1  liberally construed reaches a point where it can no longer be extended, and this case has
2  reached such a point.

3      Plaintiff has had over three years to effect service of Defendant Gatlin. He has had
4  multiple extensions, the assistance of the United States Marshal Service, and the power of
5  multiple subpoenas to discern her location. Defendant Gatlin was not an employee of the
6  Department of Corrections, and Plaintiff learned this after two years of trying to serve her
7  as such. He obtained Defendant Gatlin's last known address after she had moved on from
8  her prior employment, and attempted to serve Defendant there, but she had moved on
9  from that address due to the passage of yet more time. Plaintiff's argument (Doc. 64) that
10 he needs more time for service because service here is complex is without support. And
11 in any event, he has had multiples of the time afforded by Rule 4. It is time for repose in
12 this matter.

13     Also at issue is Plaintiff's Motion for Clarification (Doc. 67), which the Court
14 construes as a Motion for status on the above R&R. The Court acknowledges that
15 Plaintiff's Motion was commendably clear, professional in tone and entirely appropriate.
16 As Plaintiff explained, his past experiences in receiving correspondence and orders late
17 or not at all, coupled with the delay since the filing of the R&R and his Objections
18 thereto, understandably led Plaintiff to question whether he had missed a ruling on the
19 R&R and thus whether time might be running on other deadlines. This Court's ruling on
20 the R&R constitutes the case status information Plaintiff sought in his Motion to Clarify.
21 The Court thus will deny the Motion as moot.

22     IT IS ORDERED adopting Judge Fine's R&R (Doc. 65) in whole.

23     IT IS FURTHER ORDERED dismissing this matter for failure to serve process.
24 The Clerk of Court shall close this case.

25 ///
26 ///
27 ///
28 ///

- 2 -

1. IT IS FURTHER ORDERED denying as moot Plaintiff's Motion for Clarification (Doc. 67), which the Court deems a Motion for Status.

Dated this 27th day of September, 2016.

_____
Honorable John J. Tuchi
United States District Judge